IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA NORTHWEST DIVISION

| | |
|---|---|
| NHH Investor Group, a Utah DBA,<br><br>    Plaintiff,<br>v.<br><br>DFH WATFORD, LLC, a foreign limited liability company; KENNEDY FUNDING FINANCIAL, LLC, a foreign limited liability company; KEN DARDIS, an individual; EDWARD B. WELSH, an individual; NEW HARMONY HOMES DEVELOPMENT, LLC a Wyoming Limited Liability Company; NEW HARMONY HOMES & QB, LLC, a Wyoming Limited Liability Company; NEW HARMONY HOMES, INC, a Utah Corporation; DOES 1-10; ROE CORPORATIONS 11-50,<br><br>    Defendants. | **COMPLAINT**<br><br>Case No. _____ |

Plaintiff NHH INVESTOR GROUP, by and through its attorney of record, ROBIN WADE FORWARD of the law firm STINSON LEONARD STREET, hereby complains against Defendants as follows:

### PARTIES AND JURISDICTION

1.  The facts and circumstances giving rise to this lawsuit concern business transactions related to real property located in the city of Williston, North Dakota, Williams County.

2.  Plaintiff NHH Investor Group, (alternately "Plaintiff" and "Investors," or in the singular, "Investor") at all times relevant hereto, was and is an unincorporated association of

1

investors licensed to do business in the state of Utah.

3. All investors of Plaintiff are citizens or subjects of the United Kingdom, and various other countries, and none of them are citizens of, or domiciled in, any of the United States.

4. Plaintiff is informed and believes that Defendant DFH WATFORD, LLC, is a foreign limited liability company duly licensed to conduct business in the state of North Dakota with sufficient minimum contacts to subject it to the jurisdiction of this Court.

5. Plaintiff is informed and believes that Defendant KENNEDY FUNDING FINANCIAL, LLC, is a foreign limited liability company conducting business in the state of North Dakota with sufficient minimum contacts to subject it to the jurisdiction of this Court.

6. Plaintiff is informed and believes that Defendant KEN DARDIS is, and at all times relevant herein was, an individual residing in the city of Stamford in the state of Connecticut and doing business in the state of North Dakota, with sufficient minimum contacts to subject him to the jurisdiction of this Court.

7. Plaintiff is informed and believes that Defendant EDWARD B. WELSH is, and at all times relevant herein was, an individual residing in Morgan County in the State of Utah and doing business in the State of North Dakota, with sufficient minimum contacts to subject him to the jurisdiction of this Court.

8. Plaintiff is informed and believes that Defendant NEW HARMONY HOMES DEVELOPMENT, LLC is, and at all times relevant herein was, a Wyoming limited liability company organized and existing under the laws of the State of Wyoming and duly licensed to conduct business in the State of North Dakota, with sufficient minimum contacts with the State of North Dakota to subject it to the jurisdiction of this Court.

9. Plaintiff is informed and believes that Defendant NEW HARMONY HOMES & QB, LLC is, and at all times relevant herein was, a Wyoming limited liability company organized and existing under the laws of the State of Wyoming, with sufficient minimum contacts with the State of North Dakota to subject it to the jurisdiction of this Court.

10. Plaintiff is informed and believes that Defendant NEW HARMONY HOMES, INC., is, and at all times relevant herein was, a Utah corporation duly organized and existing under the laws of the State of Utah, and doing business in the State of North Dakota, or has sufficient minimum contacts with the State of North Dakota to subject it to the jurisdiction of this Court.

11. The true names and capacities of defendants herein designated as Does or Roe Corporations are presently unknown to Plaintiff at this time, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a DOE or ROE is responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to the Plaintiff as alleged herein; that Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of said DOE and ROE Defendants, inclusive, when the same have been ascertained by Plaintiff, together with appropriate charging allegations, and to join such Defendants in this action.

12. Based on the foregoing and that this case involves an amount in controversy in excess of $75,000.00, jurisdiction is obtained pursuant to 28 U.S.C. §1332, and venue is properly obtained in the Northwest Division of the United States District Court for the District of North Dakota pursuant to 28 U.S.C. §1391.

## GENERAL ALLEGATIONS

13.    Plaintiff incorporates and realleges all foregoing paragraphs as if fully stated herein.

14.    In 2012, Defendants EDWARD B. WELSH, ("Welsh"), as well as Defendants NEW HARMONY HOMES DEVELOPMENT, LLC, NEW HARMONY HOMES & QB, LLC, and NEW HARMONY HOMES, INC, ("collectively New Harmony") through brokers in the United Kingdom, began soliciting investments from Plaintiff in the United Kingdom for money to build an oil field housing project ("Project") in the oil boomtown of Williston, North Dakota.

15.    Each Investor invested money by purchasing at least one individual housing unit ("Unit") that was part of the Project, with some Investors purchasing more than one Unit.

16.    Also, each Investor signed at least one Real Estate Purchase Contract ("REPC") for the relevant Unit or Units purchased by the Investor.

17.    The plan was that once the Project was complete, New Harmony would rent the Units and share the rental proceeds with the Investors who purchased the Units.

18.    The REPCs also offered the Investors the opportunity to enroll in something called "The New Harmony Property Management LLC Rental Guarantee Program."

19.    After signing the REPCs, the Investors wired their money to Stowell & Crayk, a Utah law firm that acted as escrow agent.

20.    The Investors understood they were to release their money from the escrow agent as the project progressed. The first 35% was due upon signing the REPCs, the next 35% was due when the applicable Unit was completed, and the final 30% was due when the applicable Unit was ready to rent.

105117951v1

21. Many investors also signed a document titled the "Reservation Form." The REPCs do not directly described the complete phased payments system as described on the Reservation Form. However, the REPCs do include a term that a certain sum "be released from escrow along with the first stage payment."

22. Over the next few years, the Investors realized there were significant problems with the Project. Construction was significantly delayed, and Welsh made a variety of excuses for the delay and promises for full completion, which never came to fruition.

23. Some Investors were dissatisfied with the progress of the project, and chose to retrieve some of their money from Stowell & Crayk, in an amount totaling $288,148.18. According to a ledger obtained, Stowell and Crayk ultimately sent $4,886,516.36 of Investor funds to New Harmony.

24. A significant part of the money sent from the Investors to the New Harmony Defendants via Stowell & Crayk was ultimately used to purchase the land upon which the Project was to be located (the "Property").

25. Thereafter, and without the Investors knowledge, Welsh and New Harmony sold the Property.

26. The buyer for the Property was Defendant DFH WATFORD ("DFH") through its agent, Defendant KENNETH DARDIS ("Dardis").

27. Later, DFH sought additional financing, and encumbered the property with a loan from Defendant KENNEDY FUNDING FINANCIAL, LLC ("Kennedy Funding" or "Kennedy").

28. At the time that DFH and Dardis facilitated the purchase the Property, they either knew or should have known that the property had originally been paid for by the Investors, and that the Investors had unfulfilled REPCs entitling them to ownership of the Property.

29. At the time that Kennedy Funding provided a loan to DFH, it either knew or should have known that the Property had originally been paid for by the Investors, and that the Investors had unfulfilled REPCs entitling them to ownership of the Property.

30. The basis for DFH's knowledge or inquiry notice concerning the Investors' rightful ownership of the property was twofold. First, Dardis had extensive conversations with Welsh about the status of the project, wherein Welsh explained the Investors' relationship to the project, and the ongoing legal proceedings brought in Utah by the Investors to recover damages for breach of contract and securities fraud. Second, Dardis received email and voicemail correspondence from the Investors' Utah legal counsel describing the Investors' claim against the Property, and at one point had an appointment for a conference call with Investors' legal counsel to discuss these issues, which appointment he declined to keep.

31. Based on a review of the bank records obtained by the Investors as part of the Utah proceeding, the Property was sold for far less than it was worth.

32. None of the Investors have received any return on or reimbursement of their investments.

### FIRST CAUSE OF ACTION
**Intentional Fraudulent Transfer under the Uniform Fraudulent Transfer Act**
*Defendants New Harmony, DFH, and Kennedy*

33. Plaintiff incorporates and realleges all foregoing paragraphs as if fully stated herein.

34. By investing money according to the REPCs, Plaintiff entered into a creditor/debtor relationship with New Harmony, wherein Plaintiff secured a right to payment from New Harmony in the form of an ownership interest in the Units purchased, as well as rental income from those Units.

35. New Harmony transferred the Property with actual intent to hinder, delay, or defraud Plaintiff regarding the payments and interests owed to Plaintiff.

36. Any interest DFH Watford may claim in the Property is voidable because DFH Watford was not a good-faith transferee of the Property.

37. The encumbrance placed on the Property subsequent to New Harmony's fraudulent transfer that relates to the loan from Kennedy Funding and any other interest Kennedy Funding may claim in the Property is voidable because Kennedy Funding was not a good-faith obligee.

38. The transfer to DFH Watford was so far perfected that a good-faith purchaser of the Property from the debtor against whom applicable law permits the transfer to be perfected cannot acquire an interest in the asset that is superior to the interest of DFH Watford in the Property.

39. As a result of Defendants' actions, Plaintiff has incurred damages, including loss of investment money, loss of future rental income, and the goodwill attached to Plaintiff's name for other business ventures.

40. As a result of Defendants' actions, it has become necessary for Plaintiff to hire legal counsel to adjudicate these claims, and Plaintiff is entitled to any and all costs incurred herein in an amount of reasonable attorneys' fees to be determined by the Court.

105117951v1

41. As a result of Defendants' actions, Plaintiff has been damaged in an amount no less than $4,598,368.18.

42. Pursuant to the available remedies offered in N.D.C.C. 13-02.1-07, Plaintiff requests that the transfer of the Property to DFH Watford and the Kennedy Funding encumbrance be voided and title to the Property transferred to Plaintiff. Alternatively, Plaintiff asks for damages in the amount of at least $4,598,368.18.

## SECOND CAUSE OF ACTION
**Constructive Fraudulent Transfer under the Uniform Fraudulent Transfer Act**
*Defendants New Harmony, DFH, and Kennedy*

43. Plaintiff incorporates and realleges all foregoing paragraphs as if fully stated herein.

44. By investing money according to the REPCs, Plaintiff entered into a creditor/debtor relationship with New Harmony wherein Plaintiff secured a right to payment from New Harmony in the form of an ownership interest in the Units purchased, as well as rental income from those Units.

45. When New Harmony transferred the Property to DFH Watford, they did so without receiving a reasonably equivalent value in exchange for the transfer, and New Harmony was insolvent at the time of the transfer or became insolvent as a result of the transfer.

46. Plaintiff's right to payment under the REPCs arose before the transfer of the Property took place when the Investors signed the REPCs and began investing their money.

47. The transfer of the Property to DFH Watford was so far perfected that a good-faith purchaser of the Property from the debtor against whom applicable law permits the transfer to be perfected cannot acquire an interest in the asset that is superior to the interest of DFH Watford in the Property.

105117951v1

48. Any interest DFH Watford may claim in the Property is voidable because DFH Watford was not a good-faith transferee of the Property.

49. The encumbrance placed on the Property subsequent to New Harmony's fraudulent transfer that relates to the loan from Kennedy Funding and any other interest Kennedy Funding may claim in the Property is voidable because Kennedy Funding was not a good-faith obligee.

50. As a result of Defendants' actions, Plaintiff has incurred damages, including loss of investment money, loss of ownership interest in the relevant Units, loss of future rental income, and the goodwill attached to Plaintiff's name for other business ventures.

51. As a result of Defendants' actions, it has become necessary for Plaintiff to hire legal counsel to adjudicate these claims, and Plaintiff is entitled to any and all costs incurred herein in an amount of reasonable attorneys' fees to be determined by the Court.

52. As a result of Defendants' actions, Plaintiff has been damaged in an amount no less than $4,598,368.18.

53. Pursuant to the available remedies offered in N.D.C.C. 13-02.1-07, Plaintiff requests that the transfer of the Property to DFH Watford and the Kennedy Funding encumbrance be voided and title to the Property transferred to Plaintiff. Alternatively, Plaintiff asks for damages in the amount of at least $4,598,368.18.

### THIRD CAUSE OF ACTION
**Breach of Contract**
*Defendants Welsh and New Harmony*

54. Plaintiff incorporates and realleges all foregoing paragraphs as if fully stated herein.

55. Plaintiff entered into binding contracts with Defendants Welsh and New Harmony.

56. These contracts were executed to give the Investors a property interest in the Units built for the Property and a portion of the rental income of those Units once the Units were completed.

57. The Investors have performed all their obligations under these contracts so far as it was possible for them to do so or so far as the contracts required.

58. Defendants breached these contracts by failing to perform, including but not limited to, by failing to complete construction on the Units, failing to convey the Property to the Investors, failing to pay the Investors a return on or reimbursement of their investment, and by selling to DFH Watford the Property on which the Units were to be constructed.

59. Welsh used New Harmony as his alter-ego to perpetrate wrongful and illegal acts regarding the aforementioned contracts.

60. As a result of Defendants' actions, Plaintiff has incurred damages, including loss of investment money, loss of ownership interest in the relevant Units, loss of future rental income, and the goodwill attached to Plaintiff's name for other business ventures.

61. As a result of Defendants' actions, it has become necessary for Plaintiff to hire legal counsel to adjudicate these claims, and Plaintiff is entitled to any and all costs incurred herein in an amount of reasonable attorneys' fees to be determined by the Court.

62. As a result of Defendants' actions, Plaintiff has been damaged in an amount no less than $4,598,368.18.

# FOURTH CAUSE OF ACTION
## Unjust Enrichment
*All Defendants*

63. Plaintiff incorporates and realleges all foregoing paragraphs as if fully stated herein.

64. The transfer of the Property to DFH Watford, the retention of the Investors' money by the New Harmony Defendants, and all other actions by Defendants stated herein have unjustly enriched all Defendants, and it would be inequitable for Defendants to retain these benefits.

65. Plaintiff has been impoverished by these instances of unjust enrichment by Defendants by being deprived of its investment money, its ownership interest in the Property, its interest in the future rental income from the Units, and the goodwill attached to Plaintiff's name for other business ventures.

66. There is no justification for the enrichment of Defendants nor the impoverishment of Plaintiff, and no other adequate remedy exists by law.

67. Welsh and Dardis used New Harmony and DFH, respectively, to unjustly enrich themselves at the expense of Plaintiff as related above.

68. As a result of Defendants' actions, Plaintiff has incurred damages, including loss of investment money, loss of future rental income, loss of its ownership interest in the Property, and the goodwill attached to Plaintiff's name for other business ventures.

69. As a result of Defendants' actions, it has become necessary for Plaintiff to hire legal counsel to adjudicate these claims, and Plaintiff is entitled to any and all costs incurred herein in an amount of reasonable attorneys' fees to be determined by the Court.

105117951v1

70. As a result of Defendants' actions, Plaintiff has been damaged in an amount no less than $4,598,368.18.

## FIFTH CAUSE OF ACTION
### Constructive Trust
*Defendants Welsh, New Harmony, DFH Watford, and Kennedy*

71. Plaintiff incorporates and realleges all foregoing paragraphs as if fully stated herein.

72. As stated above, Defendants Welsh, New Harmony, and DFH Watford have been unjustly enriched by the transfer of the Property to DHF.

73. Welsh and New Harmony had a confidential relationship to Plaintiff where Plaintiff put its trust in the integrity and fidelity of Welsh and New Harmony.

74. As a result of the actions of Welsh and New Harmony, Plaintiff has incurred damages, including loss of investment money, loss of future rental income, loss of ownership interest in the relevant Units, and the goodwill attached to Plaintiff's name for other business ventures.

75. As a result of Welsh and New Harmony's actions, it has become necessary for Plaintiff to hire legal counsel to adjudicate these claims, and Plaintiff is entitled to any and all costs incurred herein in an amount of reasonable attorneys' fees to be determined by the Court.

76. Plaintiff requests that the transfer of the Property to DFH and the encumbrance related to Kennedy Funding be voided and title to the Property transferred to Plaintiff.

## SIXTH CAUSE OF ACTION
### Conversion
*All Defendants*

77. Plaintiff incorporates and realleges all foregoing paragraphs as if fully stated herein.

105117951v1

78. All Defendants exercised wrongful exercise of dominion the Property in a manner inconsistent with and in defiance of Plaintiff's rights in the Property.

79. Welsh and Dardis used New Harmony and DFH, respectively, to exercise wrongful dominion and control over the Property at the expense of Plaintiff as related above.

80. As a result of Defendants' actions, Plaintiff has incurred damages, including loss of investment money, loss of future rental income, and the goodwill attached to Plaintiff's name for other business ventures.

81. As a result of Defendants' actions, it has become necessary for Plaintiff to hire legal counsel to adjudicate these claims, and Plaintiff is entitled to any and all costs incurred herein in an amount of reasonable attorneys' fees to be determined by the Court.

82. Plaintiff requests that the transfer of the Property to DFH and the encumbrance related to Kennedy Funding be voided and title to the Property transferred to Plaintiff.

## SEVENTH CAUSE OF ACTION
**Injunctive Relief, N.D.C.C. §32-06**
*Defendant DFH Watford*

83. Plaintiff incorporates and realleges all foregoing paragraphs as if fully stated herein.

84. Based on the foregoing facts and causes of action, DFH should be enjoined:

   a. From selling, conveying, gifting, encumbering or otherwise further alienating the Property to another party; and

   b. To transfer title to Plaintiff.

85. As a result of DFH's actions, it has become necessary for Plaintiff to hire legal counsel to adjudicate these claims, and Plaintiff is entitled to any and all costs incurred herein in an amount of reasonable attorneys' fees to be determined by the Court.

## EIGHTH CAUSE OF ACTION
### Injunctive Relief, N.D.C.C. §32-06
*Defendant Kennedy*

86. Plaintiff incorporates and realleges all foregoing paragraphs as if fully stated herein.

87. Based on the foregoing facts and causes of action, Kennedy should be enjoined from foreclosing on the Property.

88. As a result of Defendant's actions, it has become necessary for Plaintiff to hire legal counsel to adjudicate these claims, and Plaintiff is entitled to any and all costs incurred herein in an amount of reasonable attorneys' fees to be determined by the Court.

## NINTH CAUSE OF ACTION
### Declaratory Relief, N.D.C.C. §32-23
*All Defendants*

89. Plaintiff incorporates and realleges all foregoing paragraphs as if fully stated herein.

90. Based on the foregoing facts and causes of action, it is apparent that Defendants are disputing the ownership of the Property and all parties' rights respective thereto, and an actual case or controversy exists regarding these rights.

91. Plaintiff therefore requests a declaratory judgment regarding the parties' respective rights and status in relation to the ownership of the Property, and that such rights and ownership interest be vested in Plaintiff.

## TENTH CAUSE OF ACTION
### Appointment of Receiver, N.D.C.C. §32-10
*All Defendants*

92. Plaintiff incorporates and realleges all foregoing paragraphs as if fully stated herein.

93. Due to Plaintiff's investments in the Property and Defendants transfer and retention of that Property, and Plaintiff's initiation of a judicial proceeding against Defendants, Plaintiff and Defendants maintain a creditor/debtor relationship.

94. Plaintiff's interest in the Property is probable, and the Property is in danger of being lost, removed, or materially injured.

95. Therefore, pursuant to N.D.C.C. §32-10 the appointment of a receiver is necessary to manage the affairs of the Property to ensure that the Property is not lost, removed, or materially injured prior to transfer to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray as follows:

1. For damages in the amount of $4,598,368.18 plus interest;

2. For the appointment of a receiver;

3. For the equitable, declaratory, statutory, and injunctive relief requested herein, including but not limited to, avoidance of the transfer of the Property to DFH Watford and the avoidance of all encumbrances subsequent to the transfer of the Property to DFH Watford, and for the transfer of the Property to Plaintiff;

4. For an award of attorneys' fees and costs as allowed by law; and

5. For such other and further relief as this Court deems just, equitable, and proper.

DATED this 10th day of March, 2015.

By: _____
Robin Wade Forward (#05324)
rob.forward@stinsonleonard.com
Dante E. Tomassoni (#06569)
dante.tomassoni@stinsonleonard.com
**STINSON LEONARD STREET LLP**
811 EAST INTERSTATE AVENUE
BISMARCK, ND  58503
Telephone:  701.221.8600
Attorneys for Plaintiff

105117951v1