GREGORY W. SCHULZ, ESQ. (14780)
**SHUMWAY VAN**
8 East Broadway, Suite 550
Salt Lake City, Utah 84111
Phone: (801) 478-8080
Fax: (801) 478-8088
gregory@shumwayvan.com
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA NORTHWEST DIVISION

| | |
|---|---|
| NHH INVESTOR GROUP, a Utah DBA; ANDREW BABBAYAN, an individual; KATHARINE BABBAYAN, an individual; RAJENDRA ASODIA, an individual; NITA ASODIA, an individual; JAGERS OP AKKERHUIS, an individual; CARL ANTON, an individual; NEIL LONGMUIR, an individual; ADAM LUDLAM, an individual; KEITH GRIFFITHS, an individual; KASHIF AHMAD, an individual; HERMAN BROEKER, an individual; SEO YOUN JOUNG, an individual; CHRISTOPHER BLAKE; an individual; ARTHUR JACKSON, an individual; SARI PENTTINEN, an individual; MAQSOOD RAHMAN, an individual; ALEENA RAHMAN, an individual; ALICE LUBINSKI CORDIER, an individual; DENNIS CORDIER, an individual; JOY JACKSON, an individual; MARTIN ROSE, an individual, ASHLEY GOODMAN, an individual; MERWYN L. STEVENS, an individual; MICHAEL TSE-LIM YU, an individual; NG SAY CHONG, an individual; SHMUEL OVED, an individual; JOHN MASSINGHAM, an individual; GILLIAN WOODSMITH, an | Civil No. 4:15-CV-00027 (DLH/CSM)<br><br>**SECOND AMENDED COMPLAINT** |

1

individual; HITESH GADHOKE, an individual; BUNDINI HARGOVIND HITESH GADHOKE, an individual; CYRIL LEVY-MARCHAL, an individual; JEFFREY ROLF, an individual; CAMILLE ABDO FARAJ, an individual; DOMINIQUE SIMARD, an individual; DAVID GRAY, an individual; MICHAEL SCOTT DICKSON, an individual; STEPHEN WRIGHT, an individual; WENDY WRIGHT, an individual; KELLIE ANN SHARP, an individual; TONY SHARP, an individual; JAYSHEE MISTRY, an individual; PHILLIP JOHN WOOD, an individual; IAN GEORGE MACONACHIE, an individual; JOHN WILSON, an individual; SHANJEEV THIRUCHELVAM, an individual; CLARE WILDING, an individual; CHARLES DEASON, an individual; JENNIFER DEASON, an individual; ALEXANDRA SCANLAN, an individual; JOVAL GAN WE ZEI, an individual; APARTMENTS ON LEE, LLC, a Wyoming limited liability company; ROBERT MARK CRANE, an individual; JAMES HARPER LECK, an individual; RAYMOND FRENSHAM, an individual; STEVEN GRAYSMARK, an individual; KEVIN GAUGHAN, an individual; MARTIN LIBMAN, an individual; DECLAN MURPHY, an individual; PHILLIP MILLER, an individual; PATRICIA ORAM, an individual; JOHN BRAMLEY, an individual; PAUL SANDBERG, an individual; PAUL TRACEY WHEILDON, an individual; ROBERT WHEILDON, an individual; NICHOLAS MONTERO, an individual; PAUL NORRIS, an individual; OMAR BAHEMIA, an individual; LORRAINE

KERR, an individual; ANTHONY SPRINGALL, an individual; PANKAJ MAINI, an individual; JOYCELYN BROWN, an individual; BERTRAND CHAPUSOT, an individual; JEREMY CASS, an individual; CHRISTINE ELWELL, an individual; NEIL SHAH, an individual; BINDI SHAH, an individual; CREASY REALTY, LLC, a Michigan limited liability company; PARIJAT SAURABH, an individual; FSA INVESTMENT GROUP, LLC, an Alabama limited liability company; WALTER WILSON RICHMOND SOLICITORS, a United Kingdom Business Entity; ANTHONEY NOBLE, an individual; WARATAH ND INVESTMENTS, LLC, a North Dakota limited liability company; SUMAN CHOWDHURY, an individual; PAUL DEASON, an individual; JAN BOSCH, an individual; GARETH LEWIS, an individual; GRAHAM ARCHER, an individual; GEOFFREY BUTLER, an individual; SUZANNE BUTLER, an individual; DEAN FRANKLIN, an individual; GADING HOLDINGS LIMITED, a Hong Kong company; RALPH DAVID HALL, an individual; GLENN ROBERT MACKERSY, an individual; BERNADETTE A. YAN, an individual; TAN AI PING, an individual; ISABELLA KUKULSKI, an individual; ZYGMUNT KUKULSKI, an individual; TONY DUNLEAVY, an individual; IVAN SNIGARENKO, an individual; CHRIS JELF, an individual; CHARLES REES, an individual; HEWLINE USA, LLC, a Delaware limited liability company; VERGE HOLDINGS, LLC, a Florida limited liability company; SPHERICAL INVESTMENT, LLC, a

Florida limited liability company; MIA3, LLC, a Wyoming limited liability company; ROOS HOEBEN-KLEIN, an individual; ODIN GREENVIEW, LLC, a Michigan limited liability company;

Plaintiffs,

v.

DFH WATFORD, LLC, a foreign limited liability company; DFH LENDER, LLC, a foreign limited liability company; KEN DARDIS, an individual; EDWARD B. WELSH, an individual; NEW HARMONY HOMES DEVELOPMENT, LLC a Wyoming Limited Liability Company; NEW HARMONY HOMES & QB, LLC, a Wyoming Limited Liability Company; NEW HARMONY HOMES, INC, a Utah Corporation; DOES 1-10; ROE CORPORATIONS 11-50,

Defendants.

Plaintiff NHH INVESTOR GROUP, et al., ("Plaintiffs") by and through their counsel of record, GREGORY W. SCHULZ of the law firm SHUMWAY VAN, hereby submits this Second Amended Complaint against Defendants as follows:

**PARTIES IN JURISDICTION**

1.     The facts and circumstances giving rise to this lawsuit concern business transactions related to real property located in the city of Williston, North Dakota, Williams County.

2.     Plaintiff NHH Investor Group, at all times relevant hereto, was and is an unincorporated association of investors licensed to do business in the state of Utah.

4

3.      All remaining Plaintiffs are investors (alternately "Plaintiffs" and "Investors," or in the singular, "Investor") and are citizens or subjects of the United Kingdom, and various other countries, and none of them are citizens of, or domiciled in, any of the United States.

4.      Plaintiff ANDREW BABBAYAN is, and at all times relevant hereto was, an individual residing in the United Kingdom.

5.      Plaintiff KATHARINE BABBAYAN is, and at all times relevant hereto was, an individual residing in the United Kingdom.

6.      Plaintiff RAJENDRA ASODIA is, and at all times relevant hereto was, an individual residing in the United Kingdom.

7.      Plaintiff NITA ASODIA is, and at all times relevant hereto was, an individual residing in the United Kingdom.

8.      Plaintiff JAGERS OP AKKERHUIS is, and at all times relevant hereto was, an individual residing in the Netherlands.

9.      Plaintiff CARL ANTON is, and at all times relevant hereto was, an individual residing in the Netherlands.

10.      Plaintiff NEIL LONGMUIR is, and at all times relevant hereto was, an individual residing in Singapore.

11.      Plaintiff ADAM LUDLAM is, and at all times relevant hereto was, an individual residing in the United Kingdom.

12.      Plaintiff KEITH GRIFFITHS is, and at all times relevant hereto was, an individual residing in the United Kingdom.

13. Plaintiff KASHIF AHMAD is, and at all times relevant hereto was, an individual residing in the United Kingdom.

14. Plaintiff SEO YOUN JOUNG is, and at all times relevant hereto was, an individual residing in Abu Dhabi, United Arab Emirates.

15. Plaintiff CHRISTOPHER BLAKE, is, and at all times relevant hereto was, an individual residing in Ireland.

16. Plaintiff SARI PENTTINEN is, and at all times relevant hereto was, an individual residing in Australia.

17. Plaintiff ALEENA RAHMAN is, and at all times relevant hereto was, an individual residing in Dubai, United Arab Emirates.

18. Plaintiff ALICE LUBINSKI CORDIER is, and at all times relevant hereto was, an individual residing in France.

19. Plaintiff DENNIS CORDIER is, and at all times relevant hereto was, an individual residing in France.

20. Plaintiff JOY JACKSON is, and at all times relevant hereto was, an individual residing in the United Kingdom.

21. Plaintiff MARTIN ROSE is, and at all times relevant hereto was, an individual residing in Israel.

22. Plaintiff ASHLEY GOODMAN is, and at all times relevant hereto was, an individual residing in the United Kingdom.

23. Plaintiff MERWYN L. STEVENS is, and at all times relevant hereto was, an

individual residing in the United Kingdom.

24.     Plaintiff MICHAEL TSE-LIM YU is, and at all times relevant hereto was, an individual residing in Hong Kong, China.

25.     Plaintiff NG SAY CHONG is, and at all times relevant hereto was, an individual residing in Israel.

26.     Plaintiff SHMUEL OVED is, and at all times relevant hereto was, an individual residing in Singapore.

27.     Plaintiff JOHN MASSINGHAM is, and at all times relevant hereto was, an individual residing in the United Kingdom.

28.     Plaintiff GILLIAN WOODSMITH is, and at all times relevant hereto was, an individual residing in the United Kingdom.

29.     Plaintiff HITESH GADHOKE is, and at all times relevant hereto was, an individual residing in the United Kingdom.

30.     Plaintiff BUNDINI HARGOVIND HITESH GADHOKE is, and at all times relevant hereto was, an individual residing in the United Kingdom.

31.     Plaintiff CYRIL LEVY-MARCHAL is, and at all times relevant hereto was, an individual residing in Hong Kong, China.

32.     Plaintiff JEFFREY ROLF is, and at all times relevant hereto was, an individual residing in the United Kingdom.

33.     Plaintiff CAMILLE ABDO FARAJ is, and at all times relevant hereto was, an individual residing in Lebanon.

34.     Plaintiff DOMINIQUE SIMARD is, and at all times relevant hereto was, an individual residing in China.

35.     Plaintiff DAVID GRAY is, and at all times relevant hereto was, an individual residing in the United Kingdom.

36.     Plaintiff MICHAEL SCOTT DICKSON is, and at all times relevant hereto was, an individual residing in the United Kingdom.

37.     Plaintiff STEPHEN WRIGHT is, and at all times relevant hereto was, an individual residing in the United Kingdom.

38.     Plaintiff WENDY WRIGHT is, and at all times relevant hereto was, an individual residing in the United Kingdom.

39.     Plaintiff KELLIE ANN SHARP is, and at all times relevant hereto was, an individual residing in the United Kingdom.

40.     Plaintiff TONY SHARP is, and at all times relevant hereto was, an individual residing in the United Kingdom.

41.     Plaintiff JAYSHEE MISTRY is, and at all times relevant hereto was, an individual residing in the United Kingdom.

42.     Plaintiff PHILLIP JOHN WOOD is, and at all times relevant hereto was, an individual residing in Spain.

43.     Plaintiff IAN GEORGE MACONACHIE is, and at all times relevant hereto was, an individual residing in the United Kingdom.

44.     Plaintiff JOHN WILSON is, and at all times relevant hereto was, an individual

residing in Bangkok, Thailand.

45.    Plaintiff SHANJEEV THIRUCHELVAM is, and at all times relevant hereto was, an individual residing in the United Kingdom.

46.    Plaintiff CLARE WILDING is, and at all times relevant hereto was, an individual residing in the United Kingdom.

47.    Plaintiff CHARLES DEASON is, and at all times relevant hereto was, an individual residing in the United Kingdom.

48.    Plaintiff JENNIFER DEASON is, and at all times relevant hereto was, an individual residing in the United Kingdom.

49.    Plaintiff ALEXANDRA SCANLAN, is and at all times relevant hereto was, an individual residing in the United Kingdom.

50.    Plaintiff JOVAL GAN WE ZEI is, and at all times relevant hereto was, an individual residing in Hong Kong, China.

51.    Plaintiff APARTMENTS ON LEE, LLC is, and at all times relevant hereto was, a Wyoming limited liability company.

52.    Plaintiff ROBERT MARK CRANE is, and at all times relevant hereto was, an individual residing in the United Kingdom.

53.    Plaintiff JAMES HARPER LECK is, and at all times relevant hereto was, an individual residing in the United Kingdom.

54.    Plaintiff RAYMOND FRENSHAM is, and at all times relevant hereto was, an individual residing in the United Kingdom.

55.   Plaintiff STEVEN GRAYSMARK is, and at all times relevant hereto was, an individual residing in the United Kingdom.

56.   Plaintiff KEVIN GAUGHAN is, and at all times relevant hereto was, an individual residing in the United Kingdom.

57.   Plaintiff MARTIN LIBMAN is, and at all times relevant hereto was, an individual residing in the United Kingdom.

58.   Plaintiff DECLAN MURPHY is, and at all times relevant hereto was, an individual residing in Hong Kong, China.

59.   Plaintiff PHILLIP MILLER is, and at all times relevant hereto was, an individual residing in the United Kingdom.

60.   Plaintiff PATRICIA ORAM is, and at all times relevant hereto was, an individual residing in the United Kingdom.

61.   Plaintiff JOHN BRAMLEY is, and at all times relevant hereto was, an individual residing in the United Kingdom.

62.   Plaintiff PAUL SANDBERG is, and at all times relevant hereto was, an individual residing in the United Kingdom.

63.   Plaintiff PAUL TRACEY WHEILDON is, and at all times relevant hereto was, an individual residing in the United Kingdom.

64.   Plaintiff ROBERT WHEILDON is, and at all times relevant hereto was, an individual residing in the United Kingdom.

65.   Plaintiff NICHOLAS MONTERO is, and at all times relevant hereto was, an

individual residing in the United Kingdom.

66.     Plaintiff PAUL NORRIS is, and at all times relevant hereto was, an individual residing in the United Kingdom.

67.     Plaintiff OMAR BAHEMIA is, and at all times relevant hereto was, an individual residing in Mauritius, Africa.

68.     Plaintiff LORRAINE KERR is, and at all times relevant hereto was, an individual residing in the United Kingdom.

69.     Plaintiff ANTHONY SPRINGALL is, and at all times relevant hereto was, an individual residing in the United Kingdom.

70.     Plaintiff PANKAJ MAINI is, and at all times relevant hereto was, an individual residing in the United Kingdom.

71.     Plaintiff JOYCELYN BROWN is, and at all times relevant hereto was, an individual residing in the United Kingdom.

72.     Plaintiff BERTRAND CHAPUSOT is, and at all times relevant hereto was, an individual residing in Shanghai, China.

73.     Plaintiff JEREMY CASS is, and at all times relevant hereto was, an individual residing in the United Kingdom.

74.     Plaintiff CHRISTINE ELWELL is, and at all times relevant hereto was, an individual residing in the United Kingdom.

75.     Plaintiff NEIL SHAH is, and at all times relevant hereto was, an individual residing in the United Kingdom.

76.     Plaintiff BINDI SHAH is, and at all times relevant hereto was, an individual residing in the United Kingdom.

77.     Plaintiff PAUL FREDERICK ARBON is, and at all times relevant hereto was, an individual residing in the United Kingdom.

78.     Plaintiff FSA INVESTMENT GROUP, LLC is, and at all times relevant hereto was, a limited liability company organized and existing under the laws of the State of Alabama.

79.     Plaintiff WALTER WILSON is, and at all times relevant hereto was, an individual residing in the United Kingdom.

80.     Plaintiff ANTHONEY NOBLE is, and at all times relevant hereto was, an individual residing in the United Kingdom.

81.     Plaintiff SUMAN CHOWDHURY is, and at all times relevant hereto was, an individual residing in the United Kingdom.

82.     Plaintiff PAUL DEASON is, and at all times relevant hereto was, an individual residing in the United Kingdom.

83.     Plaintiff JAN BOSCH is, and at all times relevant hereto was, an individual residing in Netherlands.

84.     Plaintiff GARETH LEWIS is, and at all times relevant hereto was, an individual residing in the United Kingdom.

85.     Plaintiff GRAHAM ARCHER is, and at all times relevant hereto was, an individual residing in the United Kingdom.

86.     Plaintiff GEOFFREY BUTLER is, and at all times relevant hereto was, an

individual residing in the United Kingdom.

87.    Plaintiff SUZANNE BUTLER is, and at all times relevant hereto was, an individual residing in the United Kingdom.

88.    Plaintiff DEAN FRANKLIN is, and at all times relevant hereto was, an individual residing in the United Kingdom.

89.    Plaintiff GADING HOLDINGS LIMITED is, and at all times relevant hereto was, a limited company organized and existing under the laws of Hong Kong, China.

90.    Plaintiff RALPH DAVID HALL is, and at all times relevant hereto was, an individual residing in the United Kingdom.

91.    Plaintiff GLENN ROBERT MACKERSY is, and at all times relevant hereto was, an individual residing in Abu Dhabi, United Arab Emirates.

92.    Plaintiff BERNADETTE A. YAN is, and at all times relevant hereto was, an individual residing in Canada.

93.    Plaintiff TAN AI PING is, and at all times relevant hereto was, an individual residing in Brunei.

94.    Plaintiff ISABELLA KUKULSKI is, and at all times relevant hereto was, an individual residing in the United Kingdom.

95.    Plaintiff ZYGMUNT KUKULSKI is, and at all times relevant hereto was, an individual residing in the United Kingdom.

96.    Plaintiff TONY DUNLEAVY is, and at all times relevant hereto was, an individual residing in Ireland.

97.     Plaintiff IVAN SNIGARENKO is, and at all times relevant hereto was, an individual residing in the Ukraine.

98.     Plaintiff CHRIS JELF is, and at all times relevant hereto was, an individual residing in the United Kingdom.

99.     Plaintiff CHARLES REES is, and at all times relevant hereto was, an individual residing in Japan.

100.    Plaintiff HEWLINE USA, LLC is, and at all times relevant hereto was, a limited liability company organized and existing under the laws of the State of Delaware.

101.    Plaintiff VERGE HOLDINGS, LLC is, and at all times relevant hereto was, a limited liability company organized and existing under the laws of the State of Florida.

102.    Plaintiff SPHERICAL INVESTMENT, LLC is, and at all times relevant hereto was, a limited liability company organized and existing under the laws of the State of Florida.

103.    Plaintiff MIA3, LLC is, and at all times relevant hereto was, a limited liability company organized and existing under the laws of the State of Wyoming.

104.    Plaintiff ROOS HOEBEN-KLEIN is, and at all times relevant hereto was, an individual residing in the Netherlands.

105.    Plaintiff ODIN GREENVIEW, LLC is, and at all times relevant hereto was, a limited liability company organized and existing under the laws of the state of Michigan.

106.    Plaintiffs are informed and believe that Defendant DFH WATFORD, LLC, is a foreign limited liability company duly licensed to conduct business in the state of North Dakota with sufficient minimum contacts to subject him to the jurisdiction of this Court.

14

107.     Plaintiffs are informed and believe that Defendant DFH LENDER, LLC, is a foreign limited liability company conducting business in the state of North Dakota with sufficient minimum contacts to subject it to the jurisdiction of this Court.

108.     Plaintiffs are informed and believe that Defendant KEN DARDIS is, and at all times relevant herein was, an individual residing in the city of Stamford in the state of Connecticut and doing business in the state of North Dakota, with sufficient minimum contacts to subject him to the jurisdiction of this Court.

109.     Plaintiffs are informed and believe that Defendant EDWARD B. WELSH is, and at all times relevant herein was, an individual residing in Morgan County in the State of Utah and doing business in the State of North Dakota, with sufficient minimum contacts to subject him to the jurisdiction of this Court.

110.     Plaintiffs are informed and believe that Defendant NEW HARMONY HOMES DEVELOPMENT, LLC is, and at all times relevant herein was, a Wyoming limited liability company organized and existing under the laws of the State of Wyoming and duly licensed to conduct business in the State of North Dakota, with sufficient minimum contacts with the State of North Dakota to subject it to the jurisdiction of this Court.

111.     Plaintiffs are informed and believe that Defendant NEW HARMONY HOMES & QB, LLC is, and at all times relevant herein was, a Wyoming limited liability company organized and existing under the laws of the State of Wyoming, with sufficient minimum contacts with the State of North Dakota to subject it to the jurisdiction of this Court.

15

112.     Plaintiffs are informed and believe that Defendant NEW HARMONY HOMES, INC, is, and at all times relevant herein was, a Utah corporation duly organized and existing under the laws of the State of Utah, and doing business in the State of North Dakota, or has sufficient minimum contacts with the State of North Dakota to subject it to the jurisdiction of this Court.

113.     The true names and capacities of defendants herein designated as DOE or ROE Corporations are presently unknown to Plaintiffs at this time, who therefore sues these Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated herein as a DOE or ROE is responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to the Plaintiffs as alleged herein; that Plaintiffs will ask leave of this Court to amend this Complaint to insert the true names and capacities of said DOE and ROE Defendants, inclusive, when the same have been ascertained by Plaintiffs, together with appropriate charging allegations, and to join such Defendants in this action.

114.     Based on the foregoing and that this case involves an amount in controversy in excess of $75,000.00, jurisdiction is obtained pursuant to 28 U.S.C. §1332, and venue is properly obtained in the Northwest Division of the United States District Court for the District of North Dakota pursuant to 28 U.S.C. §1391.

**GENERAL ALLEGATIONS**

115.     Plaintiffs incorporate and reallege all foregoing paragraphs as if fully stated herein.

16

116.    In 2012, Defendants EDWARD B. WELSH, ("Welsh"), as well as Defendants NEW HARMONY HOMES DEVELOPMENT, LLC, NEW HARMONY HOMES & QB, LLC, and NEW HARMONY HOMES, INC., (collectively "New Harmony") through brokers in the United Kingdom, began soliciting investments from Plaintiffs in the United Kingdom for money to build an oil field housing project ("Project") in the oil boomtown of Williston, North Dakota.

117.    Each Investor invested money by purchasing at least one individual housing unit ("Unit"), with some Investors purchasing more than one Unit, which was part of the Project.

118.    Also, each Investor signed at least one Real Estate Purchase Contract ("REPC") for the relevant Unit or Units purchased by the Investor.

119.    The plan was that once the Project was complete, New Harmony would rent the Units and then split the rental proceeds with the Investors who purchased the Units.

120.    The REPCs also offered the signatories the opportunity to enroll in something called "The New Harmony Property Management LLC Rental Guarantee Program."

121.    After signing the REPCs, the Investors wired their money to Stowell & Crayk, a Utah law firm who would act as the escrow agent.

122.    The Investors understood they were to release their money from the escrow agent as the project progressed.  The first 35% was due upon signing the REPCs, the next 35% was due when the applicable Unit was completed, and the final 30% was due when the applicable Unit was completed and ready to rent.

123.    Many Investors also signed a document titled the "Reservation Form." The REPCs do not directly described the complete phased payments system as described on the

17

Reservation Form.  However, the REPCs do include a term providing a certain sum "be released from escrow along with the first stage payment."

124.    Over the next few years, the Investors realized there were significant problems with the Project.  Construction was significantly delayed, and Welsh made a variety of excuses for the delay and promises for full completion, which never came to fruition.

125.    Some Investors were dissatisfied with the progress of the Project, and chose to retrieve some of their money from Stowell & Crayk, in an amount totaling $288,148.18. According to an obtained ledger, Stowell and Crayk ultimately sent $4,886,516.36 of Investor funds to New Harmony.

126.    A significant part of the money sent from the Investors to the New Harmony Defendants via Stowell & Crayk was ultimately used to purchase the land upon which the Project was to be located (the "Property").

127.    Thereafter, and without the Investors knowledge, Welsh and New Harmony sold the Property.

128.    The buyer for the Property was Defendant DFH WATFORD ("DFH Watford") through its agent, Defendant KENNETH DARDIS ("Dardis").

129.    Later, DFH Watford sought additional financing and encumbered the Property with a loan from Defendant DFH LENDER, LLC ("DFH Lender").

130.    At the time that DFH Watford and Dardis facilitated the purchase the Property, they either knew or should have known that the Property had originally been paid for by the

18

Investors, and that the Investors had unfulfilled REPCs entitling them to ownership of the Property.

131.    At the time that DFH Lender provided a loan to DFH Watford, it either knew or should have known that the Property had originally been paid for by the Investors, and that the Investors had unfulfilled REPCs entitling them to ownership of the Property.

132.    The basis for DFH Watford's knowledge or inquiry notice concerning the Investors' rightful ownership of the property was twofold.  First, Dardis had extensive conversations with Welsh about the status of the project, wherein Welsh explained the Investors' relationship to the Project, and the ongoing legal proceedings brought in Utah by the Investors to recover damages for breach of contract and securities fraud.  Second, Dardis received email and voicemail correspondence from the Investors' Utah legal counsel describing the Investors' claim against the Property, and at one point had an appointment for a conference call with Investors' legal counsel to discuss these issues, which appointment he declined to keep.

133.    Based on a review of the bank records obtained by the Investors as part of the Utah proceeding, the Property was sold for far less than it was worth.

134.    None of the Investors have received any return on or reimbursement of their investments.

## FIRST CAUSE OF ACTION
**(Intentional Fraudulent Transfer under North Dakota's Uniform Fraudulent Transfer Act)**
*Defendants New Harmony, DFH Watford, and DFH Lender*

135.    Plaintiffs incorporate and reallege all foregoing paragraphs as if fully stated herein.

136.    By investing money according to the REPCs, Plaintiffs entered into a creditor/debtor relationship with New Harmony, wherein Plaintiffs secured a right to payment from New Harmony in the form of an ownership interest in the Units purchased, as well as rental income from those Units.

137.    New Harmony transferred the Property with actual intent to hinder, delay, or defraud Plaintiffs regarding the payments and interests owed to Plaintiffs.

138.    Any interest DFH Watford may claim in the Property is voidable because DFH Watford was not a good-faith transferee of the Property.

139.    The encumbrance placed on the Property subsequent to New Harmony's fraudulent transfer that relates to the loan from DFH Lender any and other interest DFH Lender may claim in the Property is voidable because DFH Lender's interest in the Property was not a good-faith obligation.

140.    The transfer to DFH Watford was so far perfected that a good-faith purchaser of the Property from the debtor against whom applicable law permits the transfer to be perfected cannot acquire an interest in the asset that is superior to the interest of DFH Watford in the Property.

141.    As a result of Defendants actions, Plaintiffs have incurred damages, including loss of investment money, loss of future rental income, and the goodwill attached to Plaintiffs' name for other business ventures.

142.     As a result of Defendants actions, it has become necessary for Plaintiffs to hire

legal counsel to adjudicate these claims, and Plaintiffs are entitled to any and all costs incurred

herein in an amount of reasonable attorneys' fees to be determined by the Court.

143.     As a result of Defendants' actions, Plaintiffs have been damaged in an amount no

less than $4,598,368.18.

144.     Pursuant to the available remedies offered in N.D.C.C. 13-02.1-07, Plaintiffs

request that the transfer of the Property to DFH Watford and the DFH Lender encumbrance be

voided and title to the Property transferred to Plaintiffs. Alternatively, Plaintiffs ask for damages

in the amount of at least $4,598,368.18.

**SECOND CAUSE OF ACTION**
**(Constructive Fraudulent Transfer under North Dakota's Uniform Fraudulent Transfer**
**Act)**
*(Defendants New Harmony, DFH Watford, and DFH Lender, LLC)*

145.     Plaintiffs incorporate and reallege all foregoing paragraphs as if fully stated

herein.

146.     By investing money according to the REPCs, Plaintiffs entered into a

creditor/debtor relationship with New Harmony wherein Plaintiffs secured a right to payment

from New Harmony in the form of an ownership interest in the Units purchased, as well as rental

income from those Units.

147.     When New Harmony transferred the Property to DFH Watford, they did so

without receiving a reasonably equivalent value in exchange for the transfer, and New Harmony

was insolvent at the time of the transfer or became insolvent as a result of the transfer.

148.     Plaintiffs' right to payment under the REPCs arose before the transfer of the Property took place when the Investors signed the REPCs and began investing their money.

149.     The transfer of the Property to DFH Watford was so far perfected that a good-faith purchaser of the Property from the debtor against whom applicable law permits the transfer to be perfected cannot acquire an interest in the asset that is superior to the interest of DFH Watford in the Property.

150.     Any interest DFH Watford may claim in the Property is voidable because DFH Watford was not a good-faith transferee of the Property.

151.     The encumbrance placed on the Property subsequent to New Harmony's fraudulent transfer that relates to the loan from DFH Lender and any other interest Kennedy Funding may claim in the Property is voidable because DFH Lender's interest in the Property was not a good-faith obligation.

152.     As a result of Defendants' actions, Plaintiffs have incurred damages, including loss of investment money, loss of ownership interest in the relevant Units, loss of future rental income, and the goodwill attached to Plaintiffs' name for other business ventures.

153.     As a result of Defendants' actions, it has become necessary for Plaintiffs' to hire legal counsel to adjudicate these claims, and Plaintiffs are entitled to any and all costs incurred herein in an amount of reasonable attorneys' fees to be determined by the Court.

154.     As a result of Defendants' actions, Plaintiffs have been damaged in an amount no less than $4,598,368.18.

155.    Pursuant to the available remedies offered in N.D.C.C. 13-02.1-07, Plaintiffs request that the transfer of the Property to DFH Watford and the Kennedy Funding encumbrance be voided and title to the Property transferred to Plaintiffs. Alternatively, Plaintiffs ask for damages in the amount of at least $4,598,368.18.

### THIRD CAUSE OF ACTION
**(Breach of Contract)**
*(Defendants Welsh and New Harmony)*

156.    Plaintiffs incorporate and reallege all foregoing paragraphs as if fully stated herein.

157.    Plaintiffs entered into binding contracts with Defendants Welsh and New Harmony.

158.    These contracts were executed to give the Investors a property interest in the Units built for the Property and a portion of the rental income of those Units once the Units were completed.

159.    The Investors have performed all their obligations under these contracts so far as it was possible for them to do so or so far as the contract required them to do.

160.    Defendants breached these contracts by failing to perform, including but not limited to, failing to complete construction on the Units, failing to convey the Property to the Investors, failing to pay the Investors a return on or reimbursement of their investment, and by selling to DFH Watford the Property on which the Units were to be constructed.

23

161.    Welsh used New Harmony as his alter-ego to perpetrate wrongful and illegal acts regarding the aforementioned contracts.

162.    As a result of Defendants' actions, Plaintiffs have incurred damages, including loss of investment money, loss of ownership interest in the relevant Units, loss of future rental income, and the goodwill attached to Plaintiffs' name for other business ventures.

163.    As a result of Defendants' actions, it has become necessary for Plaintiffs to hire legal counsel to adjudicate these claims, and Plaintiffs are entitled to any and all costs incurred herein in an amount of reasonable attorneys' fees to be determined by the Court.

164.    As a result of Defendants' actions, Plaintiffs have been damaged in an amount no less than $4,598,368.18.

## FOURTH CAUSE OF ACTION
### (Unjust Enrichment)
*All Defendants*

165.    Plaintiffs incorporate and reallege all foregoing paragraphs as if fully stated herein.

166.    The transfer of the Property to DFH Watford, the retention of the Investors' money by the New Harmony Defendants, and all other actions by Defendants stated herein have unjustly enriched all Defendants, and it would be inequitable for Defendants to retain these benefits.

167.    Plaintiffs have been impoverished by these instances of unjust enrichment by Defendants by being deprived of its investment money, their ownership interest in the Property,

their interest in the future rental income from the Units, and the goodwill attached to Plaintiffs'

name for other business ventures.

168.     There is no justification for the enrichment of Defendants or the impoverishment

of Plaintiffs, and no other adequate remedy exists by law.

169.     Welsh and Dardis used New Harmony and DFH Watford, respectively, to

unjustly enrich themselves at the expense of Plaintiffs as related above.

170.     As a result of Defendants' actions, Plaintiffs have incurred damages, including

loss of investment money, loss of future rental income, loss of its ownership interest in the

Property, and the goodwill attached to Plaintiffs' name for other business ventures.

171.     As a result of Defendants' actions, it has become necessary for Plaintiffs to hire

legal counsel to adjudicate these claims, and Plaintiffs are entitled to any and all costs incurred

herein in an amount of reasonable attorneys' fees to be determined by the Court.

172.     As a result of Defendants' actions, Plaintiffs have been damaged in an amount no

less than $4,598,368.18.

## <u>FIFTH CAUSE OF ACTION</u>
### (Constructive Trust)
*Defendants Welsh, New Harmony, DFH Watford, and DFH Lender*

173.     Plaintiffs incorporate and reallege all foregoing paragraphs as if fully stated

herein.

174.     As stated above, Defendants Welsh, New Harmony, and DFH Watford have been

unjustly enriched by the transfer of the Property to DHF Watford.

175.    Welsh and New Harmony had a confidential relationship to Plaintiffs where Plaintiffs put its trust in the integrity and fidelity of Welsh and New Harmony.

176.    As a result of the actions of Welsh and New Harmony, Plaintiffs have incurred damages, including loss of investment money, loss of future rental income, loss of ownership interest in the relevant Units, and the goodwill attached to Plaintiffs' name for other business ventures.

177.    As a result of Welsh and New Harmony's actions, it has become necessary for Plaintiffs to hire legal counsel to adjudicate these claims, and Plaintiffs are entitled to any and all costs incurred herein in an amount of reasonable attorneys' fees to be determined by the Court.

178.    Plaintiffs request that the transfer of the Property to DFH Watford and the encumbrance related to Kennedy Funding be voided and title to the Property transferred to Plaintiffs.

## SIXTH CAUSE OF ACTION
### (Conversion)
*All Defendants*

179.    Plaintiffs incorporate and reallege all foregoing paragraphs as if fully stated herein.

180.    All Defendants exercised wrongful exercise of dominion the Property in a manner inconsistent with and in defiance of Plaintiffs' rights in the Property.

181.    Welsh and Dardis used New Harmony and DFH Watford, respectively, to exercise wrongful dominion and control over the Property at the expense of Plaintiffs as related above.

26

182.    As a result of Defendants' actions, Plaintiffs have incurred damages, including loss of investment money, loss of future rental income, and the goodwill attached to Plaintiffs' name for other business ventures.

183.    As a result of Defendants' actions, it has become necessary for Plaintiffs to hire legal counsel to adjudicate these claims, and Plaintiffs are entitled to any and all costs incurred herein in an amount of reasonable attorneys' fees to be determined by the Court.

184.    Plaintiffs request that the transfer to DFH Watford and the encumbrance related to Kennedy Funding be voided and title to the Property transferred to Plaintiffs.

## SEVENTH CAUSE OF ACTION
**(Injunctive Relief, N.D.C.C. §32-06)**
*Defendant DFH Watford*

185.    Plaintiffs incorporate and reallege all foregoing paragraphs as if fully stated herein.

186.    Based on the foregoing facts and causes of action, DFH Watford should be enjoined:

   a.    From selling, conveying, gifting, encumbering or otherwise further alienating the Property to another party; and

   b.    To transfer title to Plaintiffs.

187.    As a result of DFH Watford's actions, it has become necessary for Plaintiffs to hire legal counsel to adjudicate these claims, and Plaintiffs are entitled to any and all costs incurred herein in an amount of reasonable attorneys' fees to be determined by the Court.

## EIGHTH CAUSE OF ACTION
**(Injunctive Relief, N.D.C.C. §32-06)**

*Defendant DFH Lender*

188.    Plaintiffs incorporate and reallege all foregoing paragraphs as if fully stated herein.

189.    Based on the foregoing facts and causes of action, DFH Lender should be enjoined from foreclosing on the Property.

190.    As a result of Defendant's actions, it has become necessary for Plaintiffs to hire legal counsel to adjudicate these claims, and Plaintiffs is entitled to any and all costs incurred herein in an amount of reasonable attorneys' fees to be determined by the Court.

## NINTH CAUSE OF ACTION
### (Declaratory Relief, N.D.C.C. §32-23)
*All Defendants*

191.    Plaintiffs incorporate and reallege all foregoing paragraphs as if fully stated herein.

192.    Based on the foregoing facts and causes of action, it is apparent that Defendants are disputing the ownership of the Property and all parties' right respective thereto, and an actual case or controversy exists regarding these rights.

193.    Plaintiffs therefore request a declaratory judgment to declare the parties' respective rights and status in relation to the ownership of the Property, and that such rights and ownership interest be vested in Plaintiffs.

## TENTH CAUSE OF ACTION
### (Appointment of Receiver, N.D.C.C. §32-10)
*All Defendants*

194.    Plaintiffs incorporate and reallege all foregoing paragraphs as if fully stated herein.

195.    Due to Plaintiffs' investments in the Property and Defendants' transfer and retention of that Property, and Plaintiffs' initiation of a judicial proceeding against Defendants, Plaintiffs and Defendants maintain a creditor/debtor relationship.

196.    Plaintiffs' interest in the Property is probable, and the Property is in danger of being lost, removed, or materially injured.

197.    Therefore, pursuant to N.D.C.C. §32-10 the appointment of a receiver is necessary to manage the affairs of the Property to ensure that the Property is not lost, removed, or materially injured prior to transfer to Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray as follows:

1.    For damages in the amount of $4,598,368.18 plus interest;

2.    For the appointment of a receiver;

3.    For the equitable, declaratory, statutory, and injunctive relief requested herein, including but not limited to, avoidance of the transfer of the Property to DFH Watford and the avoidance of all encumbrances subsequent to the transfer of the Property to DFH Watford, and for the transfer of the Property to Plaintiffs.

4.    For an award of attorneys' fees and costs as allowed by law; and

5.    For such other and further relief as this Court deems just, equitable, and proper.

DATED this 2nd day of November, 2015

**SHUMWAY VAN**

/s/  Gregory W. Schulz
GREGORY W. SCHULZ, ESQ.